# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

TISSUE TECHNOLOGY, LLC, PARTNERS
CONCEPTS DEVELOPMENT, INC.,
OCONTO FALLS TISSUE, INC. and
TISSUE PRODUCTS TECHNOLOGY CORP.,

                Plaintiffs,

v.                              Case No.

TAK INVESTMENTS, LLC,

                Defendant.

## COMPLAINT

Now come Plaintiffs, TISSUE TECHNOLOGY, LLC ("TTL"), PARTNERS CONCEPTS DEVELOPMENT, INC. ("PCDI"), OCONTO FALLS TISSUE, INC. ("OFTI") and TISSUE PRODUCTS TECHNOLOGY CORP. ("TPTC") (collectively referred to as the "OFTI Group"), by their attorneys, ARNSTEIN & LEHR LLP, by Michael J. Ganzer, of counsel, and as and for their Complaint against TAK INVESTMENTS, LLC ("Investments"), state as follows:

## PARTIES AND JURISDICTION

1.     TTL is a Wisconsin limited liability company with its principal place of business at 2077B Lawrence Drive, De Pere, Wisconsin 54115. The members of TTL are Ronald Van Den Heuvel, a Wisconsin resident, Kelly Van Den Heuvel, a Wisconsin resident, Daniel J. Platowski, a Wisconsin resident, Steven C. Peters, a Wisconsin resident and Paul Damm, an Illinois resident.

1

2. PCDI is a Wisconsin corporation with its principal place of business at 2077B Lawrence Drive, De Pere, Wisconsin 54115.

3. OFTI is a Wisconsin corporation with its principal place of business at 2077B Lawrence Drive, De Pere, Wisconsin 54115.

4. TPTC is a Wisconsin corporation with its principal place of business at 2077B Lawrence Drive, De Pere, Wisconsin 54115.

5. Investments is a Delaware limited liability company with its principal place of business at 400 Professional Drive, Suite 420, Gaithersburg, Maryland 20879. The members of Investments are Sharad Tak, a Florida resident, and Mahinder Tak, a Maryland resident.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the activities, conduct and/or damages in issue occurred in the State of Wisconsin and Defendant has substantial contacts with this judicial district.

8. Venue in this district is also proper because, pursuant to the Final Business Terms Agreement at issue, "venue for all disputes shall be a court of competent jurisdiction within the State of Wisconsin." Exhibit 2 at ¶ 8.

## BREACH OF CONTRACT

9. On or about April 16, 2007, Investments executed four promissory notes in the amounts of $3,000,000.00, $4,400,000.00, $4,000,000.00 and $5,000,000.00

(totaling $16,400,000.00) in favor of TPTC (collectively referred to the "Investment Notes"). Copies of the Investment Notes are attached as group Exhibit 1.

10. On or about April 16, 2007, Investments also entered into a written agreement entitled "Final Business Terms Agreement" with the OFTI Group. A copy of the Final Business Terms Agreement is attached as Exhibit 2.

11. With respect to the Investment Notes, the Final Business Terms Agreement provides:

> If such Investment Notes are deemed cancelled by the OFTI Group after the third anniversary of the date of the Investment Notes, the OFTI Group shall receive an undiluted 27% ownership interest of the highest class in Investments .
> . ..

Exhibit 2, Final Business Terms Agreement at ¶ G.

12. On or about April 17, 2007, TPTC assigned the $4,400,000 promissory note to William Bain ("Bain").

13. On or about March 5, 2008, the payee of the $4,400,000 promissory note was amended from TPTC to TTL.

14. On or about March 5, 2008, Bain acknowledged and agreed to the amendment of the payee of the $4,400,400 promissory note, and the $4,400,000 promissory note continued to be assigned to Bain per the terms of the Assignment of Promissory Note.

15. On or about August 14, 2014, Bain re-assigned the $4,400,000 promissory note to TTL.

16. Accordingly, as of that date, the OFTI Group was a holder each of the Investment Notes and has an interest in each of the Investment Notes such that it was

3

capable of deeming them cancelled pursuant to the Final Business Terms Agreement between the parties.

17. On or about August 15, 2014, after the third anniversary of the date of the Investment Notes, the OFTI Group notified Investments that the Investment Notes were deemed cancelled. A copy of the August 15, 2014 correspondence is attached as Exhibit 3.

18. According to the Final Business Terms Agreement, Investments was thereafter required to transfer an undiluted 27% ownership interest of the highest class in Investments to the OFTI Group. Exhibit 2, Final Business Terms Agreement at ¶ G.

19. Despite OFTI Group's demand, Investments has failed and refused to transfer an undiluted 27% ownership interest of the highest class in Investments to the OFTI Group.

20. Investments has breached the Final Business Terms Agreement by failing and refusing to transfer an undiluted 27% ownership interest of the highest class in Investments to the OFTI Group.

21. As a result of Investments' breach of the Final Business Terms Agreement, the OFTI Group has been damaged.

WHEREFORE, Plaintiffs, TISSUE TECHNOLOGY, LLC, PARTNERS CONCEPTS DEVELOPMENT, INC., OCONTO FALLS TISSUE, INC., and TISSUE PRODUCTS TECHNOLOGY CORP., request judgment in their favor and against Defendant, TAK INVESTMENTS, LLC, specifically requiring Defendant to transfer an undiluted 27% ownership interest of the highest class in Defendant to Plaintiffs together with court costs and such other relief as this Court deems just and proper.

Respectfully Submitted,

Arnstein & Lehr LLP, counsel for
TISSUE TECHNOLOGY, LLC, PARTNERS CONCEPTS DEVELOPMENT, INC., OCONTO FALLS TISSUE, INC., and TISSUE PRODUCTS TECHNOLOGY CORP.,

By: _____
Michael J. Ganzer, of counsel
State Bar #1005631
309 N. Water Street
Suite 215
Milwaukee, Wisconsin 53202
414-258-1010
mike@tshglaw.com

Walter J. Starck
Sharilee K. Smentek
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
312-876-7100

5